**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

PARKER KNAUTZ et al.,

Plaintiffs,

v.

3M COMPANY and AEARO
TECHNOLOGIES LLC,

Defendants.

Civil No. 21-1765 (JRT/KMM)

---

DONALD CAMPBELL et al.,

Plaintiffs,

v.

3M COMPANY and AEARO
TECHNOLOGIES LLC,

Defendants.

Civil No. 21-1894 (JRT/KMM)

---

JIM BROWN et al.,

Plaintiffs,

v.

3M COMPANY and AEARO
TECHNOLOGIES LLC,

Defendants.

Civil No. 21-1896 (JRT/KMM)

---

-2-

DANIEL HATFIELD,

Plaintiff,

v.

Civil No. 21-1907 (JRT/KMM)

3M COMPANY and AEARO
TECHNOLOGIES LLC,

Defendants.

ERIC MOORE,

Plaintiff,

v.

Civil No. 21-1908 (JRT/KMM)

3M COMPANY and AEARO
TECHNOLOGIES LLC,

Defendants.

RICHARD ADAMS,

Plaintiff,

v.

Civil No. 21-2067 (JRT/KMM)

3M COMPANY and AEARO
TECHNOLOGIES LLC,

Defendants.

---

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS'
MOTIONS TO REMAND**

---

Daniel E. Gustafson and Amanda M. Williams, **GUSTAFSON GLUEK PLLC**, 120 South Sixth Street, Suite 2600, Minneapolis, MN 55402; Alicia N. Sieben, Matthew James Barber, and William R. Sieben, **SCHWEBEL GOETZ & SIEBEN PA**, 80 South Eighth Street, Suite 5120, Minneapolis, MN 55402, for plaintiffs.

Benjamin W. Hulse and Jerry W. Blackwell, **BLACKWELL BURKE PA**, 431 South Seventh Street, Suite 2500, Minneapolis, MN 55415, for defendants.

Plaintiffs wore Combat Arms Earplugs, Version 2 (the "CAEv2"), manufactured by Defendants 3M Company and Aearo Technologies LLC (collectively "3M"), to protect against loud and damaging sounds.  Plaintiffs filed actions in Minnesota state court, alleging that 3M failed to provide adequate instructions and warnings concerning how to properly wear the CAEv2 and, as a result, that they now suffer from hearing loss and/or tinnitus.  3M removed Plaintiffs' actions to federal court, arguing that the Court has jurisdiction over Plaintiffs' failure-to-warn claims under the government contractor defense.  Previously, in factually similar cases, the Court found that 3M failed to properly raise the government contractor defense.  After 3M removed these actions, the Eighth Circuit affirmed the Court's earlier holdings.  In light of that decision, 3M has abandoned its argument against remand to the state court and agreed that remand is proper in all the above cases.  The Court will remand the above captioned cases to the state court.

**BACKGROUND**

## I.   FACTUAL BACKGROUND

Plaintiffs wore the CAEv2 when performing tasks that exposed them to loud, high-pitched noises, as civilian employees while performing various tasks.  (*See, e.g.*, ECF 21-1765, Knautz Compl. ¶ 11, Aug. 3, 2021 Docket No. 1-1.)  Plaintiffs allege that they never received instructions to fold back the third flange of the CAEv2 earplug nor did they receive a warning that the earplug would be ineffective if they did not do so and, as a result, they now suffer from hearing loss and/or tinnitus.  (*See, e.g.*, *id*. ¶¶ 12–13.)

## II.      PROCEDURAL BACKGROUND

Plaintiffs filed their actions in Minnesota state court, asserting product liability claims based on 3M's alleged failure to warn regarding how to properly fit and safely wear the CAEv2.  (*See, e.g.*, *id.* ¶¶ 50–61.)  3M subsequently gave notice of removal, arguing that the Court has subject matter jurisdiction over some claims based solely on the government contractor defense.  (*See, e.g.*, ECF 21-1765, Knautz Notice Removal at 3, Aug. 3, 2021, Docket No. 1.)  In five of the six cases the plaintiffs moved to remand the case to the state court.  (*See, e.g.,* ECF 21-1765, Knautz Mot. Remand, Sept. 1, 2021, Docket No. 7.)

In a related case, the Court previously concluded that 3M failed to raise a colorable government contractor defense with respect to the tortious conduct alleged here. *Graves v. 3M Co.*, 447 F. Supp. 3d 908, 916 (D. Minn. 2020).  The Eighth Circuit subsequently

affirmed the Court's decision stating that 3M failed to show that the Government dictated or otherwise controlled the nature and the content of 3M's product warnings. *Graves v. 3M Co.*, 2021 WL 4888617, at *6 (8th Cir. Oct. 20, 2021). 3M, therefore, abandoned its opposition to the plaintiffs' motions to remand. (*See, e.g.*, ECF 21-1765, Knautz Letter to District Judge, Oct. 26, 2021, Docket No. 15.)

## DISCUSSION

A defendant may remove a civil action to federal court only if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000). The party seeking removal and opposing remand, a defendant bears the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). An uncontested motion for remand, therefore, must be granted. *See Ward v. Resolution Trust Corp.*, 901 F.2d 694, 695 (8th Cir. 1990).

3M raises no argument against remand, and the parties agree that remand is proper in all the above captioned cases. (*See, e.g.*, Knautz Letter to District Judge.) Additionally, even though the plaintiff in *Adams v. 3M Co.* did not formally move to remand, the parties and the Court agree that the basis for federal jurisdiction in *Adams* is identical to that in the other cases and therefore lacking. (*Id.*) Therefore, the above captioned cases will be remanded to state court.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motions to Remand:

1.  Knautz et al. v. 3M Co. et al, CV21-1765, Docket No. 7;

2.  Campbell et al. v. 3M Co. et al, CV21-1894, Docket No. 7;

3.  Brown et al. v. 3M Co. et al, CV21-1896, Docket No. 7;

4.  Hatfield v. 3M Co. et al, CV21-1907, Docket No. 7;

5.  Moore v. 3M Co. et al, CV21-1908, Docket No. 7;

are **GRANTED;** and Adams v. 3M Co. et al, CV21-2067 is **REMANDED** to the State of Minnesota District Court, Fourth Judicial District, Hennepin County.

DATED:  November 26, 2021
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court